IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENYON LAMONTE WILLIAMS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:19-cv-2043-M (BT) | |
| § | | |
| WARDEN MARTHA UNDERWOOD, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Kenyon Lamonte Williams, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition.

I.

Williams is serving a 264-month sentence for possession of a firearm by an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Williams*, No. W-00-CR-055 (W.D. Tex. May 29, 2002). The Fifth Circuit Court of Appeals previously affirmed his conviction and sentence. *United States v. Williams*, No. 02-50546 (5th Cir. Mar. 7, 2003). The Fifth Circuit also denied Williams's motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255, *Williams v. United States*, No. W-04-CA-63 (W.D. Tex. Waco Div.), and denied him leave to file a successive § 2255 motion. *In re Williams*, No. 16-50613 (5th Cir. Aug. 24, 2016).

On August 19, 2019, Williams filed his § 2241 petition, in which he claims the Court should vacate his conviction under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Court held that, in a prosecution for possession of a firearm by a restricted person in violation of 18 U.S.C. §§ 922(g) and 924(a), the government must prove both that the defendant knew he possessed the firearm and that he knew he belonged to the relevant category of restricted persons. *Rehaif*, 139 S. Ct. at 2197–98. Williams argues the government failed to prove that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. (ECF No. 13 at 8.)

II.

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Title 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the*

2

> *remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (2017) (emphasis added).

The movant bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("merely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy").

The § 2255 savings clause applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the movant may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the movant's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

Here, Williams relies on the *Rehaif* decision to argue he may have been convicted of a nonexistent offense. *Rehaif*, however is not retroactively applicable to Williams's conviction. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* "was not made retroactive to cases on collateral review by the Supreme Court"); *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same); *Young v. United States*, 2020 WL 1237402, at *2 (N.D. Tex. Feb. 18, 2020), *rec. adopted* (N.D. Tex. Mar. 13, 2020) (same); *United States v.*

3

*Navarro*, 2020 WL 709329, at *3 (S.D. Tex. Feb. 11, 2020) (same). Nor does *Rehaif* establish that Williams may have been convicted of a nonexistent offense. Instead, it addresses the government's burden of proof. Williams has therefore failed to satisfy the requirements of the savings clause, and his petition should be dismissed. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003) (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

III.

For the foregoing reasons, the Court should dismiss Williams's § 2241 petition.

Signed March 17, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4